UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISANA

TANYA C. GASPARD,
        Plaintiff,

v.

CURTIS ENVIRONMENTAL
SERVICES, INC.,
        Defendants.

**COMPLAINT AND JURY DEMAND**

Civil Action No.:

## COMPLAINT

**NOW INTO COURT,** through undersigned counsel, comes Plaintiff, Tanya C. Gaspard, who is a person over the age of majority, domiciled in the State of Louisiana and who resides in St. John the Baptist Parish, which is situated within this Judicial District, who respectfully represents the following:

### I. INTRODUCTION

1. This is an action asserted pursuant to the Americans with Disabilities Act of 1990 (ADA) 42 U.S.C.A. § 12101 et seq. and other applicable federal laws insofar as Plaintiff, Tanya C. Gaspard, was subjected to discrimination and retaliation by the Defendants, Curtis Environmental Services, Inc. as a result of her disability.

### II.  PARTIES

2. Defendant, in this cause of action is Curtis Environmental Services, Inc., a Louisiana corporation with its principle place of business in LaPlace, Louisiana.  Rodney Curtis at 294 Doral Lane, LaPlace, Louisiana 70068 is its appointed agent for service of process.

### III.  JURIDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.  Plaintiff has fully complied with all administrative prerequisites to jurisdiction in this Court under the

American with Disabilities Act of 1990 (ADA) and a Right to Sue letter was issued on August 16, 2017.

4. This action is authorized and instituted pursuant to the Americans with Disabilities Act of 1990 and other applicable federal statutes.

5. The employment practices alleged to be unlawful were at all times committed in the territorial jurisdiction of the United States District Court for the Eastern District of Louisiana.

6. Plaintiff, Tanya C. Gaspard, is domiciled in St. John the Baptist Parish, State of Louisiana.

7. At all relevant times, Defendant and its agents have continuously been a corporation doing business in the State of Louisiana and have continuously had at least 15 employees.

8. At all relevant times, Defendant, Curtis Environmental Services, Inc. has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. Sections 2000e-(b), (g) and (h).

9. At all relevant times, all material facts occurred within the territorial jurisdiction of this Court.

## IV. STATEMENT OF CLAIMS

10. The Americans with Disabilities Act of 1990 as amended prohibits an employer from discriminating against an individual on the basis of a disability. Ms. Gaspard asserts that Defendant and agents discriminated against her due to her disability.

11. Ms. Gaspard has obtained a right to sue letter from the EEOCC pursuant to 42 U.S.C.§2000 and has commenced suit within 90 days.

12. All conditions precedent to the institution of this lawsuit have been fulfilled.

13. At the time of her termination, Plaintiff, Tanya C. Gaspard, had been an employee of Curtis Environmental Services, Inc. for six and one-half years.

14. During the aforementioned period, Plaintiff was the subject of discrimination because of her disability.

15. Plaintiff originally scheduled surgery for June 10, 2013. However, her employer requested that she reschedule it for later in the summer. Therefore, plaintiff underwent surgery on July 29, 2013. She was scheduled to return to work on September 16, 2013.

16. Plaintiff requested a leave of absence related to a scheduled surgery.

17. Defendant approved this leave and asked Plaintiff to schedule the surgery for later in the summer, which she did.

18. Plaintiff requested as an accommodation that she be allowed to work in a downstairs office, which reasonable accommodation was denied. The pretextual reason for this denial was that it would be too much work for employer to move her work downstairs.

19. Shortly after Plaintiffs reasonable accommodation was denied, the office was renovated and the offices were moved downstairs.

20. On or about September 9, 2013, Plaintiff provided Defendant with a release to return to work on September 16, 2013.

21. Defendant terminated Plaintiff's employment on September 12, 2013.

22. Defendant additionally provided a different termination date to the Louisiana Workforce Commission.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Tanya C. Gaspard, demands judgment against the Defendants on the above-referenced cause of action as set forth and requested above and requests that this Court:

1.	Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all person in active concert or participation with it, from engaging in employment practices which discriminate on the basis of disability.

2.	Order Defendant Employer, its officers, successors, and assigns, to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals, and which eradicate the effects of past and present unlawful practices.

3.	Order Defendant Employer, its officers, successors, and assigns, to make whole, Plaintiff, Tanya C. Gaspard, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful practices.

4.	Order Defendant Employer, its officers, successors, and assigns to make whole, Plaintiff, Tanya C. Gaspard, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 11, including but not limited to job search expenses to be determined at trial.

5.	Order Defendant Employer, its officers, successors, and assigns, to make whole, Plaintiff, Tanya C. Gaspard, by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraphs 10 through 22, including but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, lowered self esteem and humiliation, in amounts to be determined by trial.

6.	Grant such relief as the Court deems necessary and proper under the circumstances.

7.	Award Plaintiff her costs of this action.

## JURY DEMAND

Plaintiff, Tonya C. Gaspard, demands a trial by jury on all counts and as to all issues.

Dated: November 7, 2017

                Respectfully submitted,

                /s/ Kevin P. Klibert
                BECNEL LAW FIRM, L.L.C.
                KEVIN P. KLIBERT, (La. 26954)
                JENNIFER L. CROSE, (La. 32116)
                425 West Airline Highway, Suite B
                LaPlace, LA  70068
                (985) 536-1186
                (985) 536-6445 (facsimile)
                kklibert@becnellaw.com
                jcrose@becnellaw.com

                /s/ Robert M. Becnel
                ROBERT M. BECNEL (La. 14072)
                425 West Airline Highway, Suite B
                LaPlace, LA  70068
                (985) 359-6100
                (985) 651-6104 (facsimile)
                robbecnel@aol.com